IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CV-0169-FL

| | |
|---|---|
| M. DALE SWIGGETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **ORDER** |
| | ) |
| PCS PHOSPHATE COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

This matter is before the undersigned on her own initiative under Rule 60(a) of the Federal Rules of Civil Procedure. See also Local Civil Rule 77.2(j).

On March 2, 2012, plaintiff M. Dale Swiggett ("plaintiff" or "Swiggett"), acting *pro se* although represented by counsel, submitted a "Reply to Plaintiff's Response Declaration of Whistleblower Dodds Frank Relator." The case caption on the reply referenced a separate pending action in which Swiggett is a defendant. See Mann v. Swiggett, No. 5:10-CV-172-D (complaint) (E.D.N.C. Apr. 28, 2010) ("Mann"). Swiggett referenced the case number in Mann, as well as the case number in the present action. The deputy clerk identically docketed Swiggett's reply and thirteen attachments in both actions. See Mann v. Swiggett, No. 5:10-CV-172-D [D.E. 110] (E.D.N.C. Mar. 2, 2012); Swiggett v. PCS Phospate Co., Inc., No. 4:11-CV-169-FL [D.E. 20] (E.D.N.C. Mar. 2, 2012).

Under Rule 60(a) of the Federal Rules of Civil Procedure, the "court may correct a clerical mistake or a mistake arising from oversight or omission" without notice. Fed. R. Civ. P. 60(a). It appears that plaintiff's reply and attachments were incorrectly docketed in this action when Swiggett mistakenly presented the documents for filing. The caption, content, and certificate of service clearly

reflect that the documents were intended for and, in fact, filed in Mann at docket entry 110.

The clerk is required to maintain a record or docket of all papers filed in a civil action. See Fed. R. Civ. P. 79. In furtherance of this duty, it is incumbent on the clerk to keep an accurate docket. Because Swiggett's reply and attachments were mistakenly docketed in this action, the undersigned hereby ORDERS plaintiff's filings entered at docket entry 20 stricken from the record. Defendant's motion to strike is DENIED as moot [D.E. 21].

SO ORDERED. This 20th day of March 2012.

Julie A. Richards, Clerk of Court